## NEWMAN v. BUMP.

VENDOR AND PURCHASER—MISTAKE IN REGARD TO TITLE TO RELICTED LAND DOES NOT ENTITLE VENDEE'S ASSIGNEE TO RELIEF.
> Where, at the time the contract was made conveying land bordering on Saginaw Bay, both the vendor and vendee thought they could hold the title to land between the meander line and the water's edge, laid bare by the recession of the waters of the bay, and no misrepresentation or fraud in regard thereto are alleged or proven, the vendee's assignee is not entitled to relief by reason of the fact that title to such relicted land vests in the State.

Appeal from Bay; Houghton (Samuel G.), J. Submitted January 24, 1929. (Docket No. 90, Calendar No. 34,164.) Decided March 28, 1929.

Bill by Burrall G. Newman against Charles M. Bump and another for an accounting under a land contract and for other relief. Defendants filed a cross-bill for affirmative relief. From a decree for defendants, plaintiff appeals. Affirmed.

*Otto & Holland,* for plaintiff.

*A. H. McMillan,* for defendants.

POTTER, J. Plaintiff, as assignee of Page L. Carroll, filed a bill of complaint against defendants for an accounting, an abatement or reduction in the contract price of the lands involved for deficiency of title and warranty which defendants are unable to convey, specific performance, an injunction to restrain defendants from selling or disposing of any of the lands in controversy, and from instituting

suit to terminate plaintiff's rights therein. Defendants filed an answer in the nature of a cross-bill, denying the material allegations of the bill of complaint, alleging the failure of Carroll and of plaintiff to comply with the contract between defendants and Carroll, and asking an injunction to restrain plaintiff from asserting any right or title to the premises, selling or offering for sale any further portion thereof, and to cancel the quitclaim deed from Carroll and wife to plaintiff, remove the same as a cloud on defendants' title to the premises, and for other relief.

Defendants were and are the owners of the lands and premises involved herein. January 25, 1924, they entered into a contract in writing with Page L. Carroll, plaintiff's assignor, to sell him, in accordance with the contract, certain lands in Bay county described as:

"All of the land owned by said parties of the first part and comprising about 200 acres, more or less, situated in sections 32 and 33, town 15 north, range 5 east, and known as Bokotondon Beach lying on both sides of the Kawkawlin river at the mouth, and running along the shore of Saginaw Bay in a northwesterly direction as well as up the river toward the Detroit & Mackinaw bridge on the south side and near to the Henry street bridge on the north side of said river, less any land theretofore sold or contracted to be sold by said first parties and excepting any railroad and other right of way, and lot No. 1 fronting on the Bay shore farthest west as per plat made by Harold Jonkis in the fall of 1923."

This contract was made by the parties with full knowledge of what the Jonkis plat showed. Defendants had owned the land in question for a considerable time. Carroll had been familiar with the premises from boyhood. There may have been some

misconception as to the title of defendants to the
land beyond and below the meander line, which had
been laid bare by the recession of the waters of ·
Saginaw Bay, and a lack of familiarity with the cases
of *La Plaisance Bay Harbor Co.* v. *City of Monroe,*
Walk. Ch. 155; *Lincoln* v. *Davis,* 53 Mich. 375 (51
Am. Rep. 116); *People* v. *Silberwood,* 110 Mich. 103
(32 L. R. A. 694); *People* v. *Warner,* 116 Mich. 228;
*Illinois Cent. R. Co.* v. *Illinois,* 146 U. S. 387 (13 Sup.
Ct. 110); *State* v. *Fishing & Shooting Club,* 127 Mich.
580; *Ainsworth* v. *Hunting & Fishing Club,* 159 Mich.
61; *State* v. *Venice of America Land Co.,* 160 Mich.
680; *Olds* v. *Commissioner of State Land Office,* 150
Mich. 134. It is admitted both by Carroll and de-
fendants that the opinion in *Kavanaugh* v. *Rabior,*
222 Mich. 68, was discussed by both parties during
the negotiations for the sale of the property. This
opinion was discussed by Mr. A. H. McMillan in the
presence of both Carroll and defendants. Mr. Don-
nelly, the engineer employed by Carroll to plat the
lands after the contract was entered into, says the
State made claim to the land beyond the meander
line and employed engineers to make a survey to
determine the location of that line, that Carroll came
to him in consternation and fear and told him the
State's surveyors were running a meander line
through the property. October 28, 1924, several
owners of property on the shore of Saginaw Bay
held a meeting at the office of Stoddard & McMillan
in Bay City where a tentative organization was
effected for the purpose of instituting or defending
necessary suits to hold the riparian property below
the meander line against the claim of the State,
which it alleged was unjustly claiming title to the
land along the shore of Saginaw Bay. Of this meet-
ing, plaintiff herein was elected and acted as secre-

tary. An agreement was prepared to be signed and executed by the parties fixing the amount of their individual contributions to the cause of contesting the State's rights. Plaintiff, upon the trial of this case, testified that at the time this meeting was held, October 28, 1924, he knew all about the claim the State was making, and when he took the assignment and quitclaim deed from Mr. Carroll in September, 1925, he knew perfectly well what the claims of the State were and where the monuments designating the boundaries of the property were located. During the time the contract existed between defendants and Carroll, and prior to the assignment of Carroll's rights to plaintiff, a number of lots were sold on contract. Many of the parties so purchasing defaulted and suit was instituted and their rights forfeited. An accounting was had between the parties. The trial court found that a reasonable and equitable computation under the circumstances showed plaintiff indebted to defendants in the sum of $15,000, and a decree was entered determining that as the amount owed by plaintiff to defendants on the contract, providing that if plaintiff paid to defendants the sum of $15,000 on or before March 10, 1928, defendants should deed the premises on the south side of the Kawkawlin river, except such parts as had already been conveyed by defendants to plaintiff, and that if plaintiff did not pay defendants the sum of $15,000 on or before March 10, 1928, plaintiff's bill of complaint should be dismissed, and he should have no further right in the contract entered into between defendants and Carroll or in the premises described therein lying on the south side of the Kawkawlin river.

It is probably true both defendants and Carroll, at the time the contract was made between them,

thought they could hold the title to the land between the meander line and the water's edge. Neither of them seems to have made any investigation as to their legal rights. They were mistaken as to the law. Under the circumstances, where both parties contracted with notice and knowledge and no misrepresentation or fraud are alleged or proven, plaintiff is not entitled to relief.

We think the decree of the trial court was correct and should be affirmed, with costs.

NORTH, C. J., and FEAD, FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.